IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anne Branch, Kathleen Guillen, Gregory Branch, Elizabeth Baptista, and Andre Catnott,<br><br>Plaintiffs,<br><br>vs.<br><br>SVC-West, LLC,<br><br>Defendant. | Case No.: 4:26-cv-01374-JD<br><br>**MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on the remaining portion of Defendant SVC-West, LLC's ("SVC") Motion to Dismiss (DE 4), seeking dismissal of Plaintiffs' second cause of action under the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10 *et seq.*, pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court previously resolved SVC's requests to stay the action and compel arbitration, as well as its alternative request for appointment of an arbitrator, in its August 25, 2026, Memorandum Opinion and Order. (DE 13.) Following expiration of the appeal period, the Court permitted supplemental briefing on the remaining Rule 12(b)(6) issues. (DE 16.) Plaintiffs filed a supplemental response (DE 17), and SVC filed a supplemental reply (DE 19).

For the reasons below, the remaining Rule 12(b)(6) portion of SVC's Motion is **GRANTED**, and Plaintiffs' SCUTPA claim is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

# I. BACKGROUND

The following facts are taken from Plaintiffs' Complaint (DE 1-1). For purposes of Rule 12(b)(6), the Court accepts well-pleaded factual allegations as true and draws reasonable inferences in Plaintiffs' favor.

## A. Factual Background

This action arises from Plaintiffs' August 31, 2025, purchase of a timeshare interest consisting of 200,000 home-club points and membership in Defendant's Shell Owners Club for a total purchase price of $57,906.20 (the "Contract"). (DE 1-1 ¶¶ 6–13.) Plaintiffs allege that SVC, through its agents, made false or misleading representations concerning their purchase and rescission rights and used contractual documents that did not comply with the South Carolina Vacation Time Sharing Plans Act (the "Timeshare Act"), S.C. Code Ann. § 27-32-10 *et seq*. (*Id*. ¶¶ 9–14, 21–29.)

Specifically, Plaintiffs challenge contractual language purporting to limit liability for representations made outside the parties' written agreement. (*Id*. ¶¶ 26–27.) Plaintiffs contend that this provision impermissibly restricts protections afforded by the Timeshare Act. They also allege that the Contract contains language inconsistent with the Act's rescission requirements. (*Id*. ¶ 28.)

Plaintiffs assert that these alleged statutory violations entitle them to relief under the Timeshare Act. They also maintain that SVC's representations and use of nonconforming contractual documents constitute unfair or deceptive practices under SCUTPA. (*Id*. ¶¶ 30–37.)

In support of their SCUTPA claim, Plaintiffs allege that the challenged conduct affects the public interest and is capable of repetition. (*Id.* ¶¶ 32–35.) Plaintiffs also allege that SVC sells interests in vacation time-sharing plans. (*Id.* ¶ 22.)

**B. Procedural Background**

Plaintiffs commenced this action in the Horry County Court of Common Pleas on February 25, 2026, asserting causes of action under the Timeshare Act and SCUTPA. SVC removed the action on April 1, 2026 (DE 1), and subsequently moved to dismiss or, alternatively, to stay the action and compel arbitration (DE 4). Plaintiffs responded (DE 6), and SVC replied (DE 7). The Court subsequently deemed Plaintiffs' response timely filed. (DE 11.) On July 20, 2026, Plaintiffs filed a Motion for Partial Summary Judgment concerning their Timeshare Act claim. (DE 10.)

In its August 25, 2026, Order, the Court denied SVC's requests to stay the action and compel arbitration under 9 U.S.C. §§ 3 and 4, and denied without prejudice its alternative request for relief under 9 U.S.C. § 5. The Court deferred ruling on the Rule 12(b)(6) portion of DE 4 and on Plaintiffs' Motion for Partial Summary Judgment. (DE 13.)

No party appealed the arbitration ruling. Following the parties' joint status report (DE 15), the Court authorized limited supplemental briefing. (DE 16.) Plaintiffs filed their supplemental response addressing the SCUTPA claim on October 13, 2026 (DE 17), and SVC filed its supplemental reply on October 20, 2026 (DE 19).

The remaining Rule 12(b)(6) request is therefore ripe for resolution. Plaintiffs' Motion for Partial Summary Judgment (DE 10) will be addressed separately.

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive dismissal, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the pleaded facts permit a reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. Although detailed factual allegations are unnecessary, legal conclusions and unsupported assertions are insufficient. *Id.* at 678–79; *Twombly*, 550 U.S. at 555.

In evaluating a Rule 12(b)(6) motion, the Court accepts well-pleaded facts as true and construes them in the light most favorable to the plaintiff. *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court need not, however, accept conclusory allegations unsupported by factual content. *Iqbal*, 556 U.S. at 678–79.

## III. DISCUSSION

SVC advances two grounds for dismissal of Plaintiffs' SCUTPA claim. First, it contends that the challenged conduct falls within SCUTPA's statutory exemption because timeshare transactions are regulated by the South Carolina Real Estate Commission under the Timeshare Act. (DE 4 at 13–14.) Second, SVC argues that

Plaintiffs have not pleaded sufficient facts establishing an adverse impact on the public interest, an essential element of a private SCUTPA claim. (*Id.* at 14–15; DE 19.)

Plaintiffs respond that regulation under the Timeshare Act does not exempt otherwise unlawful conduct from SCUTPA and that the challenged representations and contractual provisions create a potential for repetition sufficient to establish public impact. (DE 17 at 3–6.) The Court addresses each argument in turn.

**A. The Challenged Conduct Is Not Exempt from SCUTPA Merely Because Timeshare Sales Are Regulated**

SCUTPA declares unlawful unfair or deceptive acts or practices in the conduct of trade or commerce. S.C. Code Ann. § 39-5-20(a). Section 39-5-40(a), however, excludes "actions or transactions permitted under laws administered by any regulatory body or officer acting under statutory authority of this State or the United States or actions or transactions permitted by any other South Carolina State law." SVC contends that because timeshare transactions are regulated by the South Carolina Real Estate Commission, the conduct challenged here falls within that exemption. (DE 4 at 13–14.) That argument is inconsistent with the South Carolina Supreme Court's construction of § 39-5-40(a).

In *Ward v. Dick Dyer & Associates, Inc.*, 403 S.E.2d 310, 311–12 (S.C. 1991), the court rejected the proposition that an activity is exempt from SCUTPA merely because it is subject to regulation by another statute or administrative agency. The court explained that the exemption applies to conduct affirmatively permitted or authorized by law, rather than to all conduct within a regulated industry. *Id.* The

court also relied on S.C. Code Ann. § 39-5-160, which provides that SCUTPA's remedies are cumulative and supplementary to remedies otherwise available by law. *Ward*, 403 S.E.2d at 312.

The Timeshare Act likewise does not support the categorical exemption SVC proposes. Although the Act assigns enforcement responsibilities to the South Carolina Real Estate Commission, it expressly preserves private actions to enforce its provisions. S.C. Code Ann. § 27-32-130. In *Fullbright v. Spinnaker Resorts, Inc.*, 802 S.E.2d 794, 799–800 (S.C. 2017), the South Carolina Supreme Court recognized that the Commission's enforcement authority does not displace the statutory right of purchasers to pursue private enforcement actions.

To be clear, *Fullbright* addresses private enforcement under the Timeshare Act; it does not establish that every violation of that Act independently supports a SCUTPA claim. Nevertheless, it confirms that the regulatory scheme does not categorically displace private judicial remedies. Here, Plaintiffs challenge allegedly misleading sales representations, purported limitations on statutory rights, and contractual language allegedly inconsistent with the Timeshare Act. (DE 1-1 ¶¶ 9–14, 25–28.) SVC has not identified any statutory provision or regulation that affirmatively permits the conduct alleged. Indeed, the Timeshare Act expressly prohibits certain misleading representations and purported waivers of statutory protections. *See* S.C. Code Ann. § 27-32-110(7), (10)–(11).

The mere fact that SVC operates within a regulated industry therefore does not establish that its alleged conduct falls within § 39-5-40(a). The Court also

recognizes that claims under SCUTPA may coexist with claims arising under another statutory scheme when the requirements of each are independently satisfied. *See Singleton v. Stokes Motors, Inc.*, 595 S.E.2d 461, 467–68 (S.C. 2004) (recognizing that claims under the Uniform Commercial Code and SCUTPA were not necessarily inconsistent).

Accordingly, the Court rejects SVC's contention that regulation under the Timeshare Act, standing alone, exempts the challenged conduct from SCUTPA. This conclusion does not determine whether Plaintiffs have established a violation of the Timeshare Act or whether their allegations otherwise satisfy the elements of a SCUTPA claim. The Court turns to the latter question.

**B. Plaintiffs Have Not Plausibly Alleged an Adverse Impact on the Public Interest**

To state a private cause of action under SCUTPA, a plaintiff must allege "(1) that the defendant engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest." *Havird Oil Co. v. Marathon Oil Co.*, 149 F.3d 283, 291 (4th Cir. 1998); *see also* S.C. Code Ann. § 39-5-140(a). The public-interest requirement distinguishes actionable unfair trade practices from conduct affecting only the parties to a private transaction. *See Omni Outdoor Advert., Inc. v. Columbia Outdoor Advert., Inc.*, 974 F.2d 502, 507 (4th Cir. 1992).

An adverse public impact may be established by showing that the challenged conduct has the potential for repetition. *Daisy Outdoor Advert. Co. v. Abbott*, 473

S.E.2d 47, 49–50 (S.C. 1996). "The potential for repetition may be shown in either of two ways: (1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or (2) by showing the company's procedures created a potential for repetition of the unfair and deceptive acts." *Singleton*, 595 S.E.2d at 467; *Crary v. Djebelli*, 496 S.E.2d 21, 23 (S.C. 1998). These methods are not exclusive, but the pleaded facts must support a plausible inference that the challenged conduct affects or has the potential to affect persons beyond the immediate transaction. *See Daisy Outdoor*, 473 S.E.2d at 49–50.

In *Singleton*, the South Carolina Supreme Court found the requisite public impact where an automobile dealer engaged in deceptive sales practices, including the use of contradictory contractual documents, and admitted that its handling of such transactions was a standard business practice. 595 S.E.2d at 467–68. The established practice demonstrated a potential for repetition beyond the individual purchasers. *Id.*

Conversely, conclusory assertions of potential repetition, without supporting factual allegations, are insufficient. In *PTA-FLA, Inc. v. ZTE Corp.*, 715 F. App'x 237, 242–43 (4th Cir. 2017) (unpublished), the Fourth Circuit affirmed dismissal of a SCUTPA claim despite allegations that the defendant followed a standard deceptive business procedure. The court found that the alleged procedure lacked sufficient factual support and that the other identified incidents did not demonstrate a likelihood of repetition of the particular misconduct alleged. *Id.* at 243. District courts have likewise rejected SCUTPA claims resting on speculation rather than facts

identifying prior similar conduct or recurring business practices. *See KJ Appliance Ctr., LLC v. BSH Home Appliances Corp.*, No. 2:19-cv-00795-RMG, 2020 WL 219600, at *4 (D.S.C. Jan. 15, 2020); *Mach. Sols., Inc. v. Doosan Corp.*, No. 3:15-cv-03447-JMC, 2016 WL 2756429, at *3–4 (D.S.C. May 12, 2016).

Here, Plaintiffs allege that SVC made misleading representations concerning their timeshare purchase and rescission rights and used contractual provisions that allegedly violated the Timeshare Act. (DE 1-1 ¶¶ 9–14, 25–28.) They also assert that the challenged conduct affects the public interest and is capable of repetition. (*Id.* ¶¶ 32–35.) However, the Complaint describes only Plaintiffs' transaction. It does not allege facts showing that SVC previously engaged in comparable misconduct, used the challenged provisions in agreements with other purchasers, or employed a recurring sales procedure involving the alleged misrepresentations.

The Court recognizes that Plaintiffs challenge provisions in a written consumer timeshare agreement rather than merely alleging a breach of an individually negotiated commercial contract. That distinction matters because standardized contractual provisions in recurring consumer transactions may support an inference of potential repetition, even without evidence of prior injury to another purchaser. That said, the Complaint does not allege that SVC routinely uses the challenged provisions in its agreements or otherwise identify facts connecting their inclusion in Plaintiffs' Contract to an established or recurring practice. Their appearance in a single agreement establishes their use in this transaction, but does not, without more, support a plausible inference of broader public impact.

Nor does SVC's status as a business engaged in timeshare sales supply that missing connection. Otherwise, nearly any alleged contractual or transactional wrong committed by a commercial seller could satisfy SCUTPA's public-interest requirement simply because the seller conducts business with other consumers. This case is therefore distinguishable from *Singleton*, where the challenged conduct was established as a standard sales practice. It is more like *PTA-FLA* and the district-court decisions rejecting unsupported allegations of potential repetition.

The Court does not hold that Plaintiffs must identify another injured consumer, establish prior misconduct, or prove a recurring business practice at the pleading stage. Rather, they must allege sufficient facts to support a reasonable inference that the challenged conduct has the potential to affect the public. *See Daisy Outdoor*, 473 S.E.2d at 49–50; *PTA-FLA*, 715 F. App'x at 242–43. The present Complaint does not. Accordingly, Plaintiffs have not plausibly alleged the adverse public-interest element of their SCUTPA claim, and the remaining Rule 12(b)(6) portion of SVC's Motion must be granted.

**C. Leave to Amend**

Although Plaintiffs have not adequately pleaded the public-interest element, the Court cannot conclude from the present record that amendment would necessarily be futile. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given when justice so requires. Relevant considerations include undue delay, bad faith, prejudice to the opposing party, and futility. *Foman*

*v. Davis*, 371 U.S. 178, 182 (1962); *Laber v. Harvey*, 438 F.3d 404, 426–27 (4th Cir. 2006) (en banc).

Plaintiffs have not previously amended their Complaint, and the identified deficiency concerns the absence of factual allegations supporting public impact, not a determination that the challenged conduct could never support a SCUTPA claim. Plaintiffs may be able to allege additional facts concerning SVC's use of standardized sales documents, recurring sales procedures, or other circumstances supporting a plausible inference of potential repetition. The Court expresses no view concerning whether such facts exist or whether an amended pleading would ultimately state a viable claim.

Under these circumstances, dismissal without prejudice and an opportunity to amend are appropriate. Plaintiffs may file an amended complaint within fourteen (14) days of entry of this Order. Any amended SCUTPA claim must contain sufficient factual allegations supporting the required adverse public impact. Because an amended complaint supersedes the original pleading, Plaintiffs shall include all claims they intend to maintain.

If Plaintiffs do not timely amend, the dismissal of their SCUTPA claim shall remain effective, and this action shall proceed on the surviving Timeshare Act claim.

## IV. CONCLUSION

For the foregoing reasons, the remaining Rule 12(b)(6) portion of Defendant SVC-West, LLC's Motion to Dismiss (DE 4) is **GRANTED**. Plaintiffs' second cause of

action under the South Carolina Unfair Trade Practices Act is **DISMISSED WITHOUT PREJUDICE**.

Plaintiffs are granted leave to file an amended complaint within fourteen (14) days of entry of this Order, consistent with Section III.C above.

Nothing in this Order alters the Court's prior disposition of the arbitration-related portions of DE 4 (DE 13), adjudicates the merits of Plaintiffs' first cause of action under the South Carolina Vacation Time Sharing Plans Act, or resolves Plaintiffs' pending Motion for Partial Summary Judgment (DE 10). Defendant's Motion for Leave to File a Sur-Reply (DE 21) likewise remains pending for separate resolution.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 9, 2026